*225 OPINION.
SteRnhagen:
The situation here is different from that considered in the Appeal of The Los Angeles Cemetery Association, 2 B. T. A. 495, for there the fund for perpetual care was mandatory .and was clearly a trust fund. Here it is permissive under the State law. Bourland v. Springdale Cemetery Association, 158 Ill. 458; 42 N. E. 86. The taxpayer voluntarily set up a reserve based on an ■estimate, but there is lacking the clear evidence necessary to establish a trust. So far as the record shows, the directors might at any time reduce the fund or perhaps wipe it out, without restraint, their liability, if any, being one for breach of covenant or contract. Hence we hold that the whole amount received on the sale of lands in the taxable years was gross income to the extent of the excess ■ over March 1, 1913, value or original cost, whichever was higher.
*226 Since the 25 cents per square foot which was reserved for perpetual care was part of the sale price in the taxable years, it was no less so as to sales made around 1913 which were used as measures of value of the remaining lands. It was therefore improper to reduce 1913 value by 25 cents a square foot, and we hold that the figures shown in the column headed “ Cost sq. ft.” should be used to determine March 1, 1913, value.